## Samek *v.* Lester Piano Company, Appellant.

*Master and servant—Compensation of servant—Death benefit.*

Where a corporation issues to its employee a certificate, reciting his loyal and faithful services, and promising to pay certain benefits, if he is in the employ of the company at the time of his death, the fact that the deceased employee did not work for four months prior to his death, is not such a termination of the employment, as would avoid the certificate, where there is no evidence of discharge of the employee, or of notice of any severance of the beneficial agreement.

Argued Oct. 21, 1918. Appeal, No. 235, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia, December T., 1917, No. 661, for plaintiff, in case tried by the court without a jury in suit of Regina Samek v. Lester Piano Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on beneficial certificate. Before GORMAN, J., without a jury.

The facts and material provisions of the certificate are sufficiently set forth in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $515 and judgment was entered thereon.

*Error assigned,* among others, was refusal to enter judgment for defendant n. o. v.

*Francis Chapman,* of *Chapman & Chapman,* for appellant.

*Percival H. Granger,* and with him *J. Howard Reber,* for appellee.

OPINION BY HENDERSON, J., April 21, 1919:

This action was brought on an instrument in writing, the material part of which is in the following form:
"No. 136                                        $500.00
"LESTER PIANO COMPANY.
"Philadelphia, Pa.

"This is to certify that Frank Samek has been a loyal and faithful employee of the Lester Piano Company in its factories at Lester, Pa., for over one year. The Lester Piano Company therefore promises that if he is in the employ of the Lester Piano Company at the time of his death there will be paid to Mrs. Frank Samek the sum of One Hundred Dollars ($100.00) and Ten Dollars ($10.00) each week thereafter for a period of forty weeks. This agreement is personal to the said employee only, and shall terminate absolutely if he ceases to be in the employ of the Lester Piano Company. It cannot be transferred or assigned in any way. In the event of his death after the death of his wife, and leaving minor children under the age of sixteen years, the Lester Piano Company promises to pay ($100.00) at death and the sum of Ten Dollars ($10.00) per week for the support of said minor children for a period not to exceed forty weeks. No payment shall be made to minor children

over the age of sixteen years. This certificate is a gift from the Lester Piano Company with the hope that it will be a link binding employer and employee closer together.

"In witness whereof, the Officers of said Company have hereunto subscribed their names this 23d day of Sept., 1916."

The case was tried before one of the judges of the Municipal Court without a jury. Frank Samek was the husband of plaintiff. He died February 9, 1917. The defendant is a manufacturer of pianos and Samek had been in the employ of that company for eleven or twelve years as a regulator and tuner of pianos. In the month of October, 1916, while in the service of the company he became sick with an affection of the lungs, which became more aggravated as time elapsed up to the date of his death. The position taken by the appellant is that the plaintiff's husband was not in the "employ" of the defendant at the time of his death, and that the plaintiff is therefore not entitled to the benefit provided for in the agreement. It is conceded that Samek was not employed for a stated period and he was paid as a piece-worker. The court found and the evidence supports the finding, that he had been in the continuous service of the company for eleven or twelve years. He worked steadily at the factory and occasionally worked over time. He had been sick for a period in the summer of 1916, but had returned to work before the agreement was given to him on which the action is founded. There is no doubt as to the fact that he was not at work the day he died, nor at any time in the period of a little more than three months preceding his death. The question which the learned trial judge was called upon to decide and which is presented for our consideration on the appeal is whether the defendant's undertaking applies only where the employee is actually at work, or whether it should be construed in the light of its recitals and the circumstances as applicable to a case where an employee becomes dis-

abled while in the service of the company and his disability continues for a time before his death.

The first period in the agreement contains the defendant's admission that Samek had been "a loyal and faithful employee" of the defendant company for over one year. It is a reasonable interpretation of this statement that he was recognized by the company as their employee for more than a year preceding the giving of the obligation. The last period in the agreement should be read in connection with the first, as it throws light on the origin of the undertaking and the motive of the company in executing it. It is there stated that the certificate is a gift from the company with the hope that it will be a link binding employer and employee closer together. It was evidently a promise in the nature of a bonus or reward for faithful service, and if it is to be construed as applying to the time immediately preceding its date, we have the undisputed fact that it covers a period in the preceding summer when Samek was sick and not at work in the factory. He was recognized, however, as a loyal and faithful employee during all that time, and this means, if it means anything, that the company recognized him as one of its workmen although he was not actually at work every day during the period referred to. He was an employee of the company and had been for the long period in which he had been rendering faithful service. In view of the relationship between the employer and employee as declared by the defendant and of the desire of the latter to forge "a link binding employer and employee closer together," we are unable to assent to the argument that the certificate could only have vitality and vigor when the employee was actually at work. In such a view of the case, no benefit would arise from the obligation unless the workman died at his bench, or perhaps on his way to or from the factory. We regard this as too close a construction of the instrument. It must have been in contemplation of the parties that the death of an employee was likely to be preceded

by sickness protracted to a greater or less extent, and that the benevolent purpose of the company should apply to such a case. Any other interpretation would render the paper practically valueless, and the defendant would be placed in the position of offering inducements to a "loyal and faithful employee" to be diligent and efficient in its service by a promise fair on its face but deceptive in its substance. The word "employ" was not used in a technical sense by the parties. It is to be understood in its ordinary significance, that is, the state of being employed, being in the service of another, and "employee" was evidently intended to be descriptive of one who was engaged in the service of the defendant and who worked for wages. Some weight is attached by the appellant to the fact that Samek worked by the piece and not by the week or month, but that we think has no bearing on the question in controversy. As we have seen he was engaged for many years as workman in the defendant's factory. Whether all the work was done there by the piece we are not informed. That, however, is a convenient basis for the determination of the value of the service of an employee, and there was nothing to prevent the parties from agreeing on that measure of the value of the work done. Wages are not the less so because they are paid by the piece: Penna. Coal Co. v. Costello, 33 Pa. 241. Having been engaged for an indefinite period and the services having continued for so long a time, it is difficult to avoid the conclusion that Samek was a workman in the employ of the defendant, although he may not have been engaged every day in actual service. We are unable to agree with the appellee's contention that if the contract may be held binding on the facts presented it would be equally in force if the term of absence had continued one year, two years, or perhaps even four years. The contract must be looked at from the standpoint of the parties to it. While it would be unreasonable to hold that a contract would be in force during a period of years, because of

the presumption of terminated employment, no such presumption necessarily arises in the cases of sickness which was in the course of human experience and must have frequently occurred under the observation of the manager of the company during the years of this man's service and against which the company evidently intended to provide by the payment of a stipulated sum. No notice was given by the company of its intention to sever the relation of the employee to the company, or that this agreement was not to be in force if he died of the sickness which afflicted him, and the plaintiff ought not to be deprived of the benefit which the faithful service of her husband secured for her.    We hold that under the circumstances of the case the agreement was in operation notwithstanding the fact that the employee became disabled by sickness while in the company's service and so continued to the time of his death.    The assignments are overruled and the judgment affirmed.